**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE, WINCHESTER DIVISION**

**DAVID G. CATHEY,**

      **Plaintiff,**

**vs.**

**STATE FARM FIRE AND
CASUALTY COMPANY,**

      **DEFENDANT.**

**Docket No. _____**
**JURY DEMAND**

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, by and through counsel, pursuant to 28 U.S.C. §§ 1441, 1446(b)(3), and 1332, hereby gives notice that it is removing this civil action from the Chancery Court of Warren County, Tennessee to the United States District Court for the Eastern District of Tennessee, Winchester Division.

### I.  The Parties

1.  Plaintiff David G. Cathey is a citizen and resident of Warren County, Tennessee, who resides at 151 First Street, Morrison, TN 37357. **(Exhibit 1,** *Complaint* at ¶ 1.)

2.  Defendant State Farm Fire and Casualty Company ("State Farm") is a corporation organized and existing under the laws of the state of Illinois with its principal place of business in Illinois. It is therefore a citizen of Illinois.

### II.  Jurisdiction

3.  Upon information and belief, this Court has original jurisdiction over the claims in the *Complaint* pursuant to 28 U.S.C. § 1332(a)(l) because this action involves a dispute between citizens and residents of the state of Tennessee and a corporation of the state of Illinois.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant are attached as **Exhibit 1.**

5. The Plaintiff's *Complaint* alleges that the Plaintiff's Warren County home was destroyed by fire on or about July 31, 2024. (*Id.* at ¶ 7.) Plaintiff purports to be seeking a declaratory judgment pursuant to T.C.A. § 29-14-101*et seq.* (*Id.* at ¶ 1). In essence, Plaintiff claims that State Farm did not properly notify the Plaintiff that his insurance policy was being canceled for non-payment of premium and that the Policy had lapsed prior to the fire loss (*Id*. at ¶¶ 9, 15).

6. Plaintiff's Complaint does not include an express *ad damnum* clause. In cases where "as here, the plaintiff's complaint contains no ad damnum clause specifying an amount of damages, a removing defendant may rely on a 'fair reading of [the plaintiffs'] complaint' to establish the amount in controversy." *US Framing Int'l LLC v. Cont'l Bldg. Co.*, No. 23-6001, 2025 U.S. App. LEXIS 8083, at *8 (6th Cir. Apr. 7, 2025). The Plaintiff seeks a declaratory judgment against Defendant that an insurance policy was in effect at the time of the fire, and that Defendant must therefore process Plaintiff's claim for losses. (*Exh. 1, Complaint,* Prayer for Relief at p. 6, ¶¶ 2-3.) Plaintiff is asking this Court to declare "that the Policy was in full force and effect on July 31, 2024, the day of the subject fire loss, and accordingly, provided coverage for the fire loss to the Insured Premises that occurred on July 31, 2024." (*Id*. at ¶ 2).

7. "Where a party seeks a declaratory judgment, 'the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation.'" *Burkhart v. Starr Crest Owners Ass'n* 2010 U.S. Dist. LEXIS 40815, No. 3:10-CV-91, 2010 U.S. Dist. LEXIS 40815, at *4 (E.D. Tenn. Apr. 26, 2010) (citation omitted). Where, as here, the Plaintiff is asking the Court to declare that coverage exists for a home which was allegedly "destroyed by fire" (Complaint at ¶ 7) the value of the consequences is at least the limits of

insurance for the home. State Farm's counsel has requested a certified copy of the Policy but wasn't able to procure it prior to the removal deadline. However, the Claim File states that the Coverage A Dwelling limit was $236,476 and that the Coverage B contents limit was $177,357.00:

## Coverage Information: #UPDATED

## Line 001 - HOMEOWNERS
### Coverage Amount: 236,476.00

Additionally, potential limits as reflected in the Claim File are as follows:

| Limit Description | Limit Amount |
| --- | --- |
| DWELLING EXTENSION | $23,648.00 |
| CONTENTS | $177,357.00 |
| ADDL LIVING EXPENSE | $70,943.00 |

8. The combined value of these policy limits clearly exceeds $75,000. In fact, these limits equal $508,424.00.

9. Accordingly, State Farm has satisfied its burden of establishing that the amount of controversy exceeds $75,000, exclusive of interests and costs.

### III. Venue

10. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the Property that is the subject of this action is situated within this judicial district. *(Id.* at ¶ 1.) Further, Warren County is located in the Winchester Division of the Eastern District of Tennessee pursuant to 28 U.S.C. § 123(a)(4).

3

### IV.  Grounds for Removal

11.     On July 30, 2025, the Plaintiff commenced this civil action, Docket No. 17020, against the Defendant in the Chancery Court for Warren County, Tennessee.

12.     Pursuant to 28 U.S.C. § 1446(b)(l), the Defendant is timely removing this action to the United States District Court for the Eastern District of Tennessee at Winchester, as it is being removed within 30 days after service of summons upon it, which was September 2, 2025.

13.     The Plaintiff is alleged to be a citizen and resident of Warren County, Tennessee, who resides at 151 First Street, Morrison, TN 37357. (Exh. 1 at ¶ 1).

14.     The Defendant is a corporation with its principal place of business in Illinois and organized under the laws of Illinois and is therefore a citizen of Illinois.    Accordingly, there is complete diversity between the parties.

15.     Pursuant to 28 U.S.C. § 1446(d), Defendant is promptly giving notice of this Notice of Removal to the clerk of the Chancery Court for Warren County and to counsel for the Plaintiff. The giving of such notice will affect this removal pursuant to 28 U.S.C. § 1446(b)(l). A copy of the state court notice is attached as **Exhibit 2.**

16.     By removing this action, Defendant does not waive any defenses available to it in federal or state court and expressly reserves the right to assert all such defenses in its responsive pleading.

**WHEREFORE,** the Defendant requests that further proceedings of the Warren County Chancery Court be discontinued and this action be removed in its entirety to the United States District Court for the Eastern District of Tennessee, Winchester Division.

4

Respectfully submitted, this the 30th day of September, 2025.

**JOHNSON EVANS & HEADRICK, P.C.**

s/ Daniel C. Headrick

Matthew J. Evans     BPR #017973
Daniel C. Headrick     BPR #026362
Richmond Hall     BPR# 040578
900 S. Gay Street, Suite 1810
Knoxville, Tennessee 37902
(865) 314-8422
mevans@je.legal
dheadrick@je.legal
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2025 the foregoing *Notice of Removal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

William C. Reider
214 N.E. Atlantic Street
P.O. Box 878
Tullahoma, TN 37388
Bill.reider@hrrell.com

/s/ Daniel C. Headrick

5