

# Notice of Service of Process

**Primary Contact:** State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire And Casualty Company |
| **Title of Action:** | David G. Cathey vs. State Farm Fire And Casualty Company |
| **Matter Name/ID:** | David G. Cathey vs. State Farm Fire And Casualty Company (17831462) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Warren County Chancery Court, TN |
| **Case/Reference No:** | 17020 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 09/02/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Commerce & Insurance 08/21/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Hull, Ray, Rieder, Lane & Jordan, P.C.<br>931-455-5478 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



Department of
**Commerce &
Insurance**

August 26, 2025

State Farm Fire & Casualty Co.
2908 Poston Avenue c/o C S C
Nashville, TN  37203
NAIC# 25143

Certified Mail
Return Receipt Requested
7020129000016214-4469

Re:  David G Cathey V. NAIC# 25143

Docket # 17020

To Whom It May Concern:

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served August 21, 2025, on your behalf in connection with the
above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent
Service of Process

Enclosures

cc:  Circuit Court Clerk
Warren County
P O Box 639
McMinnville, TN  37110

State of Tennessee, Department of Commerce & Insurance
500 James Robertson Parkway, Service of Process - 10th Floor, Nashville, TN 37243
Service.Process@tn.gov; 615-532-5260

| Warren County | STATE OF TENNESSEE CIVIL SUMMONS page 1 of 1 | Case Number 17020 |
|---|---|---|

**DAVID G. CATHEY** vs. **STATE FARM FIRE AND CASUALTY COMPANY**

**Serve On: State Farm Fire and Casualty Company, One State Farm Plaza, Bloomington, IL. 61710; NAIC No. 25143; Serve through Tennessee Commissioner of Insurance**

You are hereby summoned to defend a civil action filed against you in Chancery Court, Warren County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _July 30, 2025_ _____ _Mynad mara Coleman_
_Clerk / Deputy Clerk_

Attorneys for Plaintiff: _William C. Rieder_
214 NE Atlantic Street, P.O. Box 878, Tullahoma, TN 37388 (931) 455-5478

## NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to _____, _____ Clerk, _____County
_____

## CERTIFICATION (IF APPLICABLE)

I, _____, _____ Clerk of _____ County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____ _____
Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _____
_____

Date:_____ By:_____
Please Print: Officer, Title

_____ _____
Agency Address Signature

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____ _____
Notary Public / Deputy Clerk (Comm. Expires _____ )

_____ _____
Signature of Plaintiff Plaintiff's Attorney (or Person Authorized to Serve Process)
**(Attach return receipt on back)**

*ADA: If you need assistance or accommodations because of a disability, please call _____, ADA Coordinator, at ( ) _____ .*

*Rev. 03/11*

# IN THE CHANCERY COURT OF WARREN COUNTY, TENNESSEE

| | |
|---|---|
| DAVID G. CATHEY, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) |
| Defendant. | ) |

FILED

No. 17020

JUL 3 0 2025

MYRA D. MARA
Clerk & Master

## DECLARATORY JUDGMENT COMPLAINT

Comes the Plaintiff, David G. Cathey, by and through his undersigned attorney, and for his cause of action alleges and avers:

1. This is an action for Declaratory Judgment Complaint filed pursuant to Tenn. Code Ann. Section 29-14-101 *et. seq.* and Tenn. R. Civ. P., Rule 57, seeking a judicial declaration as to the rights and obligations of the parties under a certain Homeowners Insurance Policy, Policy No. 42-C9-J785-7, issued by Defendant, State Farm and Casualty Company (hereinafter "State Farm"), to Plaintiff, David G. Cathey.

2. Plaintiff, David G. Cathey, is a citizen and resident of Warren County, Tennessee, who resides at 151 First Street, Morrison, TN 37357,

3. Defendant, State Farm, is an insurance company domiciled in Illinois that is licensed to conduct and conducts business in the State of Tennessee. State Farm may be served with process through the Tennessee Commissioner of Insurance pursuant to Tenn. Code Ann. §56-7-1303.

4. This Court has jurisdiction under §§ 29-14-102 and 29-14-104 as the applicability and scope of State Farm's coverage obligations under the Policy, which is governed by Tennessee State law, are disputed and raise a real and present controversy

1

between the parties which is justiciable in character and speedy relief is necessary to preserve the rights of the parties. This Court has the authority to declare the rights and obligations of the parties under the terms and provisions of the purported Agreement under *Tenn. Code Ann.* § 29-14-104.

5. The Plaintiff is a citizen and resident of Warren County, Tennessee, the property insured under the Policy is located in Warren County, Tennessee, the acts giving rise to this action occurred in Warren County, Tennessee and the cause of action arose in Warren County, Tennessee. Therefore, venue is proper in this Court.

6. Plaintiff alleges and avers that on July 31, 2024 and at all times material to this action that certain Homeowners Insurance Policy, Policy No. 42-C9-J785-7, issued by Defendant, State Farm, to Plaintiff, David G. Cathey, (hereinafter "the Policy") was in full force and effect. At all times material, Plaintiff, David G. Cathey, was the named insured on the Policy. The premises insured under the Policy was the Plaintiff's home located at 211 Mill Street, Morrison, Tennessee 37357-7644 (hereinafter the "Insured Premises"). The Insured Premises is located in Warren County, Tennessee. The Policy provided coverage of the Insured Premises against loss resulting from fire and other casualties.

7. On or about July 31, 2024, the Insured Premises was destroyed by fire. On or about July 31, 2024, Plaintiff reported the fire loss to the State Farm Agent, Roy Arnold, in Lebanon, Tennessee. The State Farm Agent advised the Plaintiff that there was no coverage for the fire loss because the Policy had lapsed.

2

8.     On or about August 24, 2024, Sherry Cathey, the Plaintiff's wife and Attorney-in-Fact contacted the State Farm Agency and was advised that the Policy had lapsed on April 30, 2024 due to nonpayment of premium.

9.     Plaintiff would show that he never received any written notification that the policy may be cancelled for non-payment of premium at anytime material to this action. Plaintiff would show that Tenn. Code Ann. §56-7-1303 provides that a policy may be cancelled for nonpayment of premiums by mailing a notice to the insured at the address shown on the Declarations not less than 10 days before the cancellation is to be effective. Plaintiff alleges and avers that State Farm failed to mail any such notice to him not less than 10 days before the cancellation was to be effective or at anytime material to this action. Accordingly, Plaintiff alleges and avers that State Farm failed to comply with the notice requirements of Tenn. Code Ann. §56-7-1303 and that any purported cancellation of the Policy based on an alleged nonpayment was invalid and of no effect on July 31, 2024 due to such failure.

10.     On January 16, 2025 request was made by Plaintiff's counsel to State Farm's Agent, Roy Arnold, to provide copies of any written notice of cancellation that his agency or State Farm mailed to Plaintiff, A true and correct copy of Plaintiff's counsel's January 16, 2025 correspondence to State Farm's Agent is attached hereto and incorporated herein by reference as **Exhibit 1.** To this date, State Farn has not provided Plaintiff or Plaintiff's counsel with any written notice of cancellation it alleges it mailed to its insured, David G. Cathey.

11.     Following receipt of Plaintiff's counsel's January 16, 2025 correspondence to State Farm's Agent, Plaintiff received a letter from State Farm's Claim

3

Specialist, Anesa Barton, dated January 27, 2025, in which State Farm's Claim Specialist confirmed receipt of Plaintiff's claim and that State Farm wished to discuss the matter with him. A true and correct copy of said letter is attached hereto and incorporated herein by reference as **Exhibit 2.**

12. Shortly after receiving Ms. Barton's January 27, 2025 letter, Plaintiff's spouse and Attorney-in-Fact, Sherry Cathey, and Plaintiff's counsel called Ms. Barton to discuss the Plaintiff's claim. In the telephone conversation Ms. Barton stated that the Policy was cancelled on March 26, 2024 pursuant to the request of the insured. In the telephone conversation, Ms. Barton was requested to provide copies of any documentation reflecting that Mr. or Mrs. Cathey had requested State Farm to cancel the policy. Ms. Barton advised that State Farm did not have any such documents as such documents would be in the possession of the Agent.

13. By letter dated July 14, 2025, Plaintiff's counsel mailed and emailed a letter to the State Farm Agent, Roy Arnold, in which he requested (i) documents or communications of any kind whatsoever, including but not limited to email messages, transmitted by the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey; and/or (ii) copies records of any kind documenting any and all telephone conversations with the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey, in which either of them requested cancellation of the subject policy. The letter advised Mr. Arnold that if copies of the requested documents were not received on or before July 28, 2025, it would be assumed that no such documents existed and that a declaratory judgment action requesting the Court to declare that the policy was in full force and effect on July 31, 2024 would be instituted. Additionally, State Farm's Agent,

4

was requested to provide complete copies of Policy No. 42-C9-J785-and the Declarations pertaining to Policy No. 42-C9-J785-7 as requested in the January 16, 2025 letter. A true and correct copy of said letter is attached hereto and incorporated herein by reference as **Exhibit 3.**

14. After receipt of the July 14, 2025 correspondence, State Farm's Agent, Roy Arnold, contacted Plaintiff's counsel, and advised that the information provided by State Farm's Claim Specialist, Anesa Barton, was wrong as the Policy lapsed on April 30, 2024.

15. State Farm has given Plaintiff two separate and distinct reasons that it has denied coverage under the Policy for the fire loss to the Insured Premises that occurred on July 31, 2024. The first reason given by State Farm's Agent, Roy Arnold, is that the Policy lapsed on April 30, 2024 due to nonpayment of premium. The second reason given by State Farm's Claim Specialist is that the Policy was cancelled on March 26, 2024 pursuant to the request of the insured. Notwithstanding the repeated requests made on behalf of the insured, David G. Cathey, State Farm has not provided Plaintiff with the requested documents to support either of its purported reasons for the denial of coverage of Plaintiff's loss resulting from the fire that destroyed the Insured Premises on July 31, 2024.

16. Plaintiff would show that State Farm failed to comply with the notice requirements of Tenn. Code Ann. §56-7-1303 and that any purported cancellation of the Policy based on an alleged nonpayment was invalid and of no effect on July 31, 2024, the day of Plaintiff's loss resulting from the fire that destroyed the Insured Premises. Further, Plaintiff would show that neither he, nor this spouse and Attorney-in-Fact, Sherry

5

Cathey, nor anyone acting on his behalf with his authority ever requested State Farm or its Agents to cancel the Policy. Based on the foregoing, Plaintiff alleges and avers that that the Policy was in full force and effect on July 31, 2024, the day of the subject fire loss, and accordingly, provided coverage for the fire loss to the Insured Premises that occurred on July 31, 2024.

17. Thus, there exists a judiciable controversy between the parties as to the rights and obligations of Plaintiff and State Farm. Under *Tenn Code Ann.* §§ 29-14-101 *et seq.*, and specifically §§ -102 and -104, the Court may and should declare the rights of the parties with respect to this controversy.

18. Plaintiff reserves the right to amend this Complaint in accordance with the Tennessee Rules of Civil Procedure to aver material facts that are presently unknown but may learned during the course of this case.

Wherefore, Plaintiff prays:

1. That the Court declare the rights and obligations of the parties in this matter;

2. That the Court declare that the Policy was in full force and effect on July 31, 2024, the day of the subject fire loss, and accordingly, provided coverage for the fire loss to the Insured Premises that occurred on July 31, 2024.

3. That the Court declare that Defendant be ordered to process Plaintiff's claim for the loss of the Insured Premises that occurred on July 31, 2024 pursuant to the terms of the Policy.

4. For such other, further and general relief which the Court declares to be just and proper.

6

**HULL, RAY, RIEDER, LANE & JORDAN, P.C.**

By: _____
**WILLIAM C. RIEDER - BPR No. 5709**
214 N.E. Atlantic Street
P. O. Box 878
Tullahoma, TN 37388
(931) 455-5478
bill.rieder@hrrell.com
Attorneys for Plaintiff

We are sureties for the costs of this cause not to exceed $1,000.00.

**HULL, RAY, RIEDER & LANE, P.C.**

By: _____
**WILLIAM C. RIEDER - BPR No. 5709**

I, the undersigned Chancery Court clerk do hereby certify that this is a true and correct copy of the original instrument filed in this office. This 30th day of July, 2025

CHANCERY COURT CLERK

_____ D.C.

7

# HULL, RAY, RIEDER, LANE & JORDAN, P.C.
## (A PROFESSIONAL CORPORATION)

THOMAS M. HULL (1930 - 2010)
DONALD J. RAY
WILLIAM C. RIEDER
JAMES D. LANE, II.
DEREK A. JORDAN

214 N.E. ATLANTIC STREET
P. O. BOX 878
TULLAHOMA, TN 37388
TEL (931) 455-5478
FAX (931) 455-6148
Email: bill.rieder@hrrell.com

January 16, 2025

Mr. Ray Arnold
State Farm Insurance Agency
2600 Lebanon Pike, #A
Nashville, TN 37214-2403

      Re:     Insured:     David Cathey
                Policy No.    42-C9-J785-7

Dear Mr. Arnold:

I have been retained by Mrs. Sherry Yvette Cathey, the Attorney-in-Fact for State Farm's insured, to pursue any rights Mr. Cathey may have resulting from Mr. Cathey's failure to receive notice that the above-referenced policy had been cancelled due to lapsing because of nonpayment of premium.

I have enclosed a copy of the Durable Power of Attorney ("POA") executed by Mr. Cathey appointing Mrs. Cathey as his Attorney-in-Fact. As you will note, the POA grants to Mrs. Cathey:

> **"the power to exercise or perform any act, power, duty, right...whatsoever that I [Mr. Cathey] may now have or may hereafter acquire the legal right or power or capacity to exercise or perform relating to any person, item, transaction, thing, business...or matter whatsoever."**

The POA gives Mrs. Cathey the specific power to pursue claims that may be due under a policy of insurance and to employ counsel.

As the attorney retained to pursue the claim for coverage under the policy for the destruction of the insured premises by fire due to his failure to receive the cancellation notice required by Tenn. Code Ann. §56-7-1303; I am respectfully requesting that you provide me with copies of the following:

1. A complete copy of Policy No. 42-C9-J785-7;
2. A complete copy of the Declarations pertaining to Policy No. 42-C9-J785-7;
3. Copies of any and all notices of cancellation that your agency or State Farm mailed to Mr. Cathey and
4. Proof of mailing of any notice of cancellation that may have been mailed to Mr. Cathey.

**EXHIBIT 1**

Mr. Ray Arnold
January 16, 2025
Page 2 of 2

Thank you for your attention to this request.

Very truly yours,

WILLIAM C. RIEDER

WCR:pc

Enclosures

# DURABLE POWER OF ATTORNEY
## Executed By
## DAVID GRANT CATHEY

### I. Appointment of Attorney

**A. Initial.**

I, DAVID GRANT CATHEY, ("Principal") of Warren County, Tennessee, hereby appoint SHERRY YVETTE CATHEY, my attorney-in-fact ("my attorney") under the Uniform Durable Power of Attorney Act, T.C.A. §§ 34-6-101 et seq. and T.C.A. §§ 34-6-201 et seq.

**B. Durability.** This Power of Attorney shall not be affected by my subsequent disability or incapacity. I intend for the authority conferred on my attorney herein to be exercisable by my attorney notwithstanding any such disability or incapacity.

**C. Purpose of this Power of Attorney.** I intend for this to be a general Power of Attorney. I shall specify certain acts that my attorney-in-fact is authorized to do on my behalf, but this is not intended to limit the generality of this power. I intend that my attorney-in-fact shall have the power to exercise or perform any act, power, duty, right, or obligation whatsoever that I now have, or may hereafter acquire the legal right, power, or capacity to exercise or perform, in connection with, arising from, or relating to any person, item, transaction, thing, business, property (real personal, tangible, or intangible), or matter whatsoever.

### II. Powers.

I authorize my attorney-in-fact, for me and on my behalf, to do each of the following things the same as if I did them myself and any third party shall rely upon the authority of my attorney to act:

**A. Monies.** To receive from or disburse to any source whatever monies through checking, saving, or other accounts of any financial institution; to sign and issue checks, withdrawal receipts, or any other instrument; and to open or close any accounts. This provision covers accounts solely in my name and joint with others.

**B. Brokerage Accounts.** With respect to my brokerage accounts, to effect purchases and sales (including short sales), to subscribe for and to trade in stocks, bonds, options, rights, warrants, or other securities, domestic and foreign, whether dollar or nondollar denominated, or limited partnership interests or investments and trust units, whether or not in negotiable form, issued or unissued, foreign exchange, commodities, and contracts relating to the same (including commodity futures) on margin or otherwise for my account and risk; to deliver to my broker securities for my account and to instruct my broker to deliver securities from my accounts to my attorney or to others, and in such name, and form, including his or her own, as he or she may direct; to instruct my broker to make payment of monies from my account with my broker, and to receive and direct payments therefrom payable to him or her or others; to sell, assign, endorse and transfer any stocks, bonds, options, rights, and warrants or other

securities of any nature, at any time standing in my name and to execute any documents necessary to effectuate the foregoing; to receive statements of transactions for my account(s); to approve and confirm with reference to my account(s); and to make any and all agreements with my broker in reference thereto for me and in my behalf.

Further, my attorney may vote in person, or by general or limited proxy, with or without power of substitution, with respect to any stock or other securities I may own.

I authorize my attorney to execute on my behalf any powers of attorney in whatever form that may be required by any stockbroker with whom I have deposited any securities.

C. Borrowing. To borrow money from any legal source, on such terms and conditions, with or without security, as the attorney deems advisable and to sign each instrument necessary or advisable to complete any such borrowing transaction and to use any credit card held in the principal's name for any of the purposes described herein.

D. Investments. To invest or reinvest each item of money or other property and to lend money or property upon such terms and conditions and with such surety as the principal's attorney may deem appropriate, or to renew, extend, or modify loans, all in accordance with the fiduciary standards of T.C.A. § 35-3-11 (without being restricted to those authorized or prescribed by present or future law. The principles of diversification need not be observed.)

E. Money from United States or Other Government. To make application on my behalf for benefits administered by the Social Security Administration or any other federal, state, or local agency and to receive Social Security and other benefits on my behalf; and to act as representative payee for any payment to which the principal may be entitled, and to effect redemption of and bond or security and to endorse any draft, warrant, check or other instrument payable therefrom.

F. Sell or Redeem United States Government or Agency Obligations. To effect redemption of any bond or other security wherein the United States of America, or any agency or subdivision thereof, is the obligor or payor, and to give full discharge therefore.

G. Safe Deposit Box. To have free and private access to any safe deposit box in my name or rented by me, in any bank, including the authority to have it drilled, with full right to add property to the box or take property from the box, and to surrender possession of the box and terminate the lease.

H. Tax Matters. To represent me in all tax matters; to prepare, sign, and file federal, state, and local income tax, transfer tax, and other tax returns of all kinds, including joint returns, claims for refunds, requests for extensions of time, petitions to the tax court or other courts regarding tax matters, and any and all other tax-related documents, including, but not limited to, consents and agreements under I.R.C. § 2032A or any successor section thereto and consents to split gifts, closing agreements and Form 2848, Form 8821, and any other power of attorney or form required by the Internal Revenue Service, any state or any local taxing authority with respect to any tax year between the years 1992 and 2020; to

pay taxes due, collect and make such disposition of refunds as my attorney shall deem appropriate, post bonds, receive confidential information and contest deficiencies determined by the Internal Revenue Service, any state, or any local taxing authority; to exercise any elections I may have under federal, state or local tax law; and generally to represent me in all tax matters and proceedings of all kinds and for all periods between the years 1992 and 2020 before all officers of the Internal Revenue Service and state and local tax authorities; to engage, compensate and discharge attorneys, accountants and other tax and financial advisers and consultants to represent and/or assist me in connection with any and all tax matters involving or in any way related to me or any property in which I have or may have any interest or responsibility.

I. Real Property. To buy, sell, lease, alter, maintain, manage, mortgage, or otherwise encumber, pledge, insure, repair, raze, rebuild, and make covenants and warranties as to the property as my attorney believes proper, and sign each instrument necessary or advisable to complete any real property transactions or in any way deal with real property.

J. Personal Property. To buy, sell, lease, encumber, insure, repair, replace, rebuild, and sign each instrument necessary or advisable to complete any personal property transactions or otherwise deal in and with personal property of all kinds whether tangible or intangible, and to make any covenants and warranties as to the personal property as my attorney believes proper.

K. Business. To operate any business which I may own, whether a sole proprietorship, partnership, or corporation; to hire and fire any employees or managers; to change the legal form of any business; to delegate management responsibilities to any person; and to execute an election under Subchapter S or any other provision of the Internal Revenue Code.

L. Dues and Charitable Obligations. To pay dues to any club or organization to which the principal belongs, and to make charitable contributions in fulfillment of any charitable pledge made by the principal.

M. Litigation. To sue, defend, or compromise suits and legal actions and to employ counsel in connection with the same, including the power to seek a declaratory judgment interpreting this Power of Attorney, or a mandatory injunction requiring compliance with the instructions of the principal's attorney-in-fact, or actual and punitive damages against any person failing or refusing to follow the instructions of the principal's attorney-in-fact.

N. Employment. To contract for or employ agents, accountants, advisors, attorneys, and others for services in connection with the performance of the principal's attorney of any powers here and to reasonably compensate them for services rendered.

O. Insurance Acquisition, Maintenance, and Claims.

(1) Casualty. To acquire, maintain, or cancel casualty insurance on each property of mine and to prosecute each claim for benefits due under a policy.

(2)     **Medical.** To acquire or maintain medical coverage for me and my dependents; to sign each form or document necessary for such insurance; and to sign and submit each claim for reimbursement of medical expenses with any medical insurance carrier or other provider of benefits.

(3)     **Disability.** To acquire or maintain disability insurance for me; to sign each form or document necessary for such insurance; and to sign, submit, and prosecute each claim for benefits due under a policy.

(4)     **Life Insurance.** To deal with life insurance policies and other products issued by life insurance companies, including, but not limited to National Life Insurance, and annuity contracts; to acquire, maintain, or cancel life insurance on my life, and to sign each form or document necessary for such insurance; and to borrow against the policy.

(5)     **Life Insurance on the Attorney.** My attorney has no authority to exercise any power which would constitute an incident of ownership with respect to any policy of insurance I own on the attorney's life.

**P.  Compensation of Attorney.** My attorney is entitled to reimbursement for each expense incurred in acting as my attorney, including but not limited to the costs of retaining counsel to advise him or her in the conduct of his or her duties, and an accountant to assist in maintaining records.

**Q.  Support.** To provide for the support and protection of the principal, of the principal's spouse and minor children (and, in the sole discretion of the attorney, an adult disabled child of the principal dependent upon the principal's support) including without limitation, provision for food, lodging, housing, medical services, education, recreation, and travel.

**R.  Additional Powers of Attorney.** To execute other power of attorney forms on behalf of the principal which may be required by the Internal Revenue Service, financial or brokerage institutions, or others, naming the attorney hereunder as attorney-in-fact on such additional forms.

**S.  Funeral Arrangements.** To make advance arrangements for the principal's funeral and burial, including the purchase of a burial plot and marker, if the principal has not already done so.

**T.  Trusts.** To transfer any property owned by the principal to any revocable trust created by the principal with provisions for the principal's care and support.

**U.  Benefit and Retirement Plans.** To create, contribute to, borrow from, and otherwise deal with an employee benefit plan or individual retirement account for the principal's benefit; to select any payment option under any employee benefit plan or individual retirement account in which the principal is a participant or to change options the principal has selected; to make "roll-overs" of plan benefits into

other retirement plans; to apply for and receive payment and benefits; and to surrender any retirement accounts for cash.

V.  To Execute Disclaimers. To execute disclaimers on my behalf under I.R.C. § 2518 or any comparable section of any federal or state statute, notwithstanding that the exercise of such disclaimer may benefit my attorney-in-fact.

W.  To Receive Mail. To enter any mail box which I shall have hired, whether a United States Post Office box or elsewhere, and to surrender the box and terminate the lease at the attorney's discretion; to sign for any certified or registered mail directed to me; and to execute any order required to forward mail to any location selected by my attorney-in-fact.

X.  To Make Contracts and Give Releases. To make, receive, sign, endorse, execute, acknowledge, deliver, and possess such applications, contracts, agreements, options, covenants, security agreements, bills of sale, leases, mortgages, assignments, fire and casualty insurance policies, bills of lading, warehouse receipts, documents of title, bills, bonds, debentures, checks, drafts, bills of exchange, letters of credit, notes, stock certificates, proxies, warrants, commercial paper, receipts, proofs of loss, evidences of debt, releases, and satisfaction of mortgages, liens, judgments, security agreements, and other debts and obligations and such other instruments in writing of whatever kind and nature as may be necessary and proper in the exercise of the rights and powers herein granted.

Y.  To Effect My Resignation As a Member, Officer or Fiduciary. To effect my resignation as a member or officer of any organization or entity, or as a trustee, personal representative, or other fiduciary or an estate or trust, however denominated.

Z.  To Make Gifts. OMITTED.

### III Other Acts.

Without limiting the foregoing, generally to take any and all actions on my behalf as fully and effectively as if I were personally present. In conferring this general Power of Attorney, I am fully aware of the broad authority being granted and express my full confidence in my attorney-in-fact.

### IV. Ratification of Acts and Third-Party Reliance

I ratify and confirm all acts my attorney-in-fact does or causes to be done under this Durable Power of Attorney. All third parties acting in good faith reliance on this power shall be absolved of any liability pursuant to the provisions of the Uniform Durable Power of Attorney Act.

### V. Appointment of Legal Representative.

I do not want a legal representative (i.e., a conservator, guardian, or other similar representative appointed by the court) because one should not be necessary. However, if a legal representative is to be appointed, to the extent that the law allows me to do so, I nominate my attorney-in-fact named herein to serve as my legal representative. If the law does not permit me to so nominate, I request in the strongest possible terms that the court give the greatest possible weight to this request. In the event my attorney-in-fact dies, becomes disabled, or is otherwise unable to serve, I nominate my successor attorney-in-fact to serve in this capacity. I excuse any legal representative appointed from bond.

## VI. Effective Date, Duration, or Termination.

This power will become effective on the date this instrument is signed and will remain in full force and effect until it is revoked by written notice duly recorded in the Register's Office of Warren County, Tennessee, or until expiration by operation of law, it being intended that this Power of Attorney will remain in effect even in the event of mental or physical disability on my part.

This Power of Attorney shall not expire or become stale upon the passage of time but is intended to continue in force until revoked by me.

## VII. Revocation.

I revoke all previous Powers of Attorney I have given to any person or persons.

## VIII. Resignation.

My attorney-in-fact may resign at any time and may prove the resignation by filing an Instrument of Resignation in the Register's Office of Warren County, Tennessee.

## IX. Photocopies.

All photocopies of this document shall have the same validity as the original.

In the presence of the witnesses designated below, I hereby execute this Durable Power of Attorney on the ___11___ day of November, 2024.

DAVID GRANT CATHEY

We, the subscribing witnesses hereto, are personally acquainted with and subscribe our names hereto at the request of the declarant, an adult, whom we believe to be of sound mind, fully aware of the action

I do not want a legal representative (i.e., a conservator, guardian, or other similar representative appointed by the court) because one should not be necessary. However, if a legal representative is to be appointed, to the extent that the law allows me to do so, I nominate my attorney-in-fact named herein to serve as my legal representative. If the law does not permit me to so nominate, I request in the strongest possible terms that the court give the greatest possible weight to this request. In the event my attorney-in-fact dies, becomes disabled, or is otherwise unable to serve, I nominate my successor attorney-in-fact to serve in this capacity. I excuse any legal representative appointed from bond.

## VI. Effective Date, Duration, or Termination.

This power will become effective on the date this instrument is signed and will remain in full force and effect until it is revoked by written notice duly recorded in the Register's Office of Warren County, Tennessee, or until expiration by operation of law, it being intended that this Power of Attorney will remain in effect even in the event of mental or physical disability on my part.

This Power of Attorney shall not expire or become stale upon the passage of time but is intended to continue in force until revoked by me.

## VII. Revocation.

I revoke all previous Powers of Attorney I have given to any person or persons.

## VIII. Resignation.

My attorney-in-fact may resign at any time and may prove the resignation by filing an Instrument of Resignation in the Register's Office of Warren County, Tennessee.

## IX. Photocopies.

All photocopies of this document shall have the same validity as the original.

In the presence of the witnesses designated below, I hereby execute this Durable Power of Attorney on the ___11___ day of November, 2024.

DAVID GRANT CATHEY

We, the subscribing witnesses hereto, are personally acquainted with and subscribe our names hereto at the request of the declarant, an adult, whom we believe to be of sound mind, fully aware of the action

Providing Insurance and Financial Services
Home Office, Bloomington, IL

 **StateFarm®**

January 27, 2025

David G Cathey
211 S Mill St
Morrison TN 37357-7644

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

RE:    Claim Number:    42-79S4-18Q
       Date of Incident:    July 31, 2024
       Policy Number:    42C9J7857

Dear David G Cathey:

We have received your reported claim and wish to discuss this matter with you, but we were unable to reach you by telephone. In order to proceed with the handling of this claim, it is necessary to speak with you. Please call us so we can discuss the facts of this claim and schedule an appointment to inspect your property.

It is our understanding that your property has suffered damage. If necessary, please use reasonable measures to protect your property from further damage. Keep a record of related expenses as all or some of them may be covered depending on your particular circumstances.

If you have spoken with us before receiving this letter, you may disregard this request. We thank you for the opportunity to be of service and look forward to speaking with you soon.

If you have questions or need assistance, call us at (844) 458-4300.

Sincerely,

Anesa Barton
Claim Specialist
(770) 206-6080

State Farm Fire and Casualty Company



**EXHIBIT 2**

LAW OFFICES
# HULL, RAY, RIEDER, LANE & JORDAN, P.C.
(A PROFESSIONAL CORPORATION)

THOMAS M. HULL (1930 - 2010)
DONALD J. RAY
WILLIAM C. RIEDER
JAMES D. LANE, II.
DEREK A. JORDAN

214 N.E. ATLANTIC STREET
P. O. BOX 878
TULLAHOMA, TN 37388
TEL (931) 455-5478
FAX (931) 455-6148
Email: bill.rieder@hrrell.com

July 14, 2025

Via Email Transmission:stacy.sterling.vaaiis@statefarm.com and U.S. Mail
Mr. Roy Arnold
State Farm Insurance Agency
2600 Lebanon Pike, #A
Nashville, TN 37214-2403

> Re: Insured: David Cathey
> Policy No. 42-C9-J785-7

Dear Mr. Arnold:

As I advised in my letter of January 16, 2025I have been retained by Mrs. Sherry Yvette Cathey, the Attorney-in-Fact for State Farm's insured, David Cathey, to pursue any rights Mr. Cathey may have resulting from Mr. Cathey's failure to receive notice that the above-referenced policy had been cancelled due to lapsing because of nonpayment of premium.

In my January 16, 2025 letter I respectfully requested that you provide me with copies of the following:

1. A complete copy of Policy No. 42-C9-J785-7;
2. A complete copy of the Declarations pertaining to Policy No. 42-C9-J785-7;
3. Copies of any and all notices of cancellation that your agency or State Farm mailed to Mr. Cathey and
4. Proof of mailing of any notice of cancellation that may have been mailed to Mr. Cathey.

Notwithstanding my request, I have not received any of the requested documents.

Mr. Cathey did receive a letter from Anesa Barton, State Farm Claim Specialist dated January 27, 2025, in which she confirmed receipt of Mr. Cathey's reported claim and requested that he contact her to discuss the facts of the claim.

I accordance with Ms. Barton's request, Ms. Cathey and I called Ms. Barton to discuss the facts of the claim. During this conversation Ms. Barton advised that there was no coverage under the policy because the policy had been cancelled on March 26, 2024 at the request of the insured. We requested Ms. Barton to provide us with copies of any documentation reflecting Mr. or Mrs. Cathey request to cancel the policy. Ms. Barton advised that State Farm did not have any such documents as such documents would be in the possession of the Agent.



EXHIBIT
3

Mr. Ray Arnold
January 16, 2025
Page 2 of 2

Accordingly, I am now respectfully requesting that you provide me with copies of the following:

1. Any and all documents or communications of any kind whatsoever, including but not limited to email messages, transmitted by the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey;

2. Records of any kind whatsoever, including but not limited to call records, call logs, call detail record (CDR), or call management record (CMR) documenting any and all telephone conversations with the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey, in which either of them requested cancellation of the subject policy; and

If copies of the requested documents are not received on or before July 28, 2025, it will be assumed no such documents exist and I will institute a declaratory judgment action requesting the Court to declare that the policy was in full force and effect on July 31, the date of the fire loss.

Additionally, please provide me with complete copies of Policy No. 42-C9-J785- and the Declarations pertaining to Policy No. 42-C9-J785-7 as requested in my letter of January 16, 2025.

Thank you for your prompt attention to this request.

Very truly yours,

WILLIAM C. RIEDER

WCR:pc

IN THE CHANCERY COURT OF WARREN COUNTY, TENNESSEE

| | | |
|---|---|---|
| DAVID G. CATHEY, | ) | |
| | ) | FILED |
| Plaintiff, | ) | |
| | ) | JUL 3 0 2025 |
| vs. | ) No. 17070 | 2:30 CM |
| | ) | MYRA D. MARA |
| STATE FARM FIRE AND | ) | Clerk & Master |
| CASUALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATORY JUDGMENT COMPLAINT

Comes the Plaintiff, David G. Cathey, by and through his undersigned attorney, and for his cause of action alleges and avers:

1. This is an action for Declaratory Judgment Complaint filed pursuant to Tenn. Code Ann. Section 29-14-101 *et. seq.* and Tenn. R. Civ. P., Rule 57, seeking a judicial declaration as to the rights and obligations of the parties under a certain Homeowners Insurance Policy, Policy No. 42-C9-J785-7, issued by Defendant, State Farm and Casualty Company (hereinafter "State Farm"), to Plaintiff, David G. Cathey.

2. Plaintiff, David G. Cathey, is a citizen and resident of Warren County, Tennessee, who resides at 151 First Street, Morrison, TN 37357,

3. Defendant, State Farm, is an insurance company domiciled in Illinois that is licensed to conduct and conducts business in the State of Tennessee. State Farm may be served with process through the Tennessee Commissioner of Insurance pursuant to Tenn. Code Ann. §56-7-1303.

4. This Court has jurisdiction under §§ 29-14-102 and 29-14-104 as the applicability and scope of State Farm's coverage obligations under the Policy, which is governed by Tennessee State law, are disputed and raise a real and present controversy

1

between the parties which is justiciable in character and speedy relief is necessary to preserve the rights of the parties. This Court has the authority to declare the rights and obligations of the parties under the terms and provisions of the purported Agreement under *Tenn. Code Ann.* § 29-14-104.

5. The Plaintiff is a citizen and resident of Warren County, Tennessee, the property insured under the Policy is located in Warren County, Tennessee, the acts giving rise to this action occurred in Warren County, Tennessee and the cause of action arose in Warren County, Tennessee. Therefore, venue is proper in this Court.

6. Plaintiff alleges and avers that on July 31, 2024 and at all times material to this action that certain Homeowners Insurance Policy, Policy No. 42-C9-J785-7, issued by Defendant, State Farm, to Plaintiff, David G. Cathey, (hereinafter "the Policy") was in full force and effect. At all times material, Plaintiff, David G. Cathey, was the named insured on the Policy. The premises insured under the Policy was the Plaintiff's home located at 211 Mill Street, Morrison, Tennessee 37357-7644 (hereinafter the "Insured Premises"). The Insured Premises is located in Warren County, Tennessee. The Policy provided coverage of the Insured Premises against loss resulting from fire and other casualties.

7. On or about July 31, 2024, the Insured Premises was destroyed by fire. On or about July 31, 2024, Plaintiff reported the fire loss to the State Farm Agent, Roy Arnold, in Lebanon, Tennessee. The State Farm Agent advised the Plaintiff' that there was no coverage for the fire loss because the Policy had lapsed.

2

8.     On or about August 24, 2024, Sherry Cathey, the Plaintiff's wife and Attorney-in-Fact contacted the State Farm Agency and was advised that the Policy had lapsed on April 30, 2024 due to nonpayment of premium.

9.     Plaintiff would show that he never received any written notification that the policy may be cancelled for non-payment of premium at anytime material to this action. Plaintiff would show that Tenn. Code Ann. §56-7-1303 provides that a policy may be cancelled for nonpayment of premiums by mailing a notice to the insured at the address shown on the Declarations not less than 10 days before the cancellation is to be effective. Plaintiff alleges and avers that State Farm failed to mail any such notice to him not less than 10 days before the cancellation was to be effective or at anytime material to this action. Accordingly, Plaintiff alleges and avers that State Farm failed to comply with the notice requirements of Tenn. Code Ann. §56-7-1303 and that any purported cancellation of the Policy based on an alleged nonpayment was invalid and of no effect on July 31, 2024 due to such failure.

10.     On January 16, 2025 request was made by Plaintiff's counsel to State Farm's Agent, Roy Arnold, to provide copies of any written notice of cancellation that his agency or State Farm mailed to Plaintiff, A true and correct copy of Plaintiff's counsel's January 16, 2025 correspondence to State Farm's Agent is attached hereto and incorporated herein by reference as **Exhibit 1**. To this date, State Farm has not provided Plaintiff or Plaintiff's counsel with any written notice of cancellation it alleges it mailed to its insured, David G. Cathey.

11.     Following receipt of Plaintiff's counsel's January 16, 2025 correspondence to State Farm's Agent, Plaintiff received a letter from State Farm's Claim

3

Specialist, Anesa Barton, dated January 27, 2025, in which State Farm's Claim Specialist confirmed receipt of Plaintiff's claim and that State Farm wished to discuss the matter with him. A true and correct copy of said letter is attached hereto and incorporated herein by reference as **Exhibit 2.**

12. Shortly after receiving Ms. Barton's January 27, 2025 letter, Plaintiff's spouse and Attorney-in-Fact, Sherry Cathey, and Plaintiff's counsel called Ms. Barton to discuss the Plaintiff's claim. In the telephone conversation Ms. Barton stated that the Policy was cancelled on March 26, 2024 pursuant to the request of the insured. In the telephone conversation, Ms. Barton was requested to provide copies of any documentation reflecting that Mr. or Mrs. Cathey had requested State Farm to cancel the policy. Ms. Barton advised that State Farm did not have any such documents as such documents would be in the possession of the Agent.

13. By letter dated July 14, 2025, Plaintiff's counsel mailed and emailed a letter to the State Farm Agent, Roy Arnold, in which he requested (i) documents or communications of any kind whatsoever, including but not limited to email messages, transmitted by the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey; and/or (ii) copies records of any kind documenting any and all telephone conversations with the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey, in which either of them requested cancellation of the subject policy. The letter advised Mr. Arnold that if copies of the requested documents were not received on or before July 28, 2025, it would be assumed that no such documents existed and that a declaratory judgment action requesting the Court to declare that the policy was in full force and effect on July 31, 2024 would be instituted. Additionally, State Farm's Agent,

4

was requested to provide complete copies of Policy No. 42-C9-J785-and the Declarations pertaining to Policy No. 42-C9-J785-7 as requested in the January 16, 2025 letter. A true and correct copy of said letter is attached hereto and incorporated herein by reference as **Exhibit 3.**

14. After receipt of the July 14, 2025 correspondence, State Farm's Agent, Roy Arnold, contacted Plaintiff's counsel, and advised that the information provided by State Farm's Claim Specialist, Anesa Barton, was wrong as the Policy lapsed on April 30, 2024.

15. State Farm has given Plaintiff two separate and distinct reasons that it has denied coverage under the Policy for the fire loss to the Insured Premises that occurred on July 31, 2024. The first reason given by State Farm's Agent, Roy Arnold, is that the Policy lapsed on April 30, 2024 due to nonpayment of premium. The second reason given by State Farm's Claim Specialist is that the Policy was cancelled on March 26, 2024 pursuant to the request of the insured. Notwithstanding the repeated requests made on behalf of the insured, David G. Cathey, State Farm has not provided Plaintiff with the requested documents to support either of its purported reasons for the denial of coverage of Plaintiff's loss resulting from the fire that destroyed the Insured Premises on July 31, 2024.

16. Plaintiff would show that State Farm failed to comply with the notice requirements of Tenn. Code Ann. §56-7-1303 and that any purported cancellation of the Policy based on an alleged nonpayment was invalid and of no effect on July 31, 2024, the day of Plaintiff's loss resulting from the fire that destroyed the Insured Premises. Further, Plaintiff would show that neither he, nor this spouse and Attorney-in-Fact, Sherry

5

Cathey, nor anyone acting on his behalf with his authority ever requested State Farm or its Agents to cancel the Policy. Based on the foregoing, Plaintiff alleges and avers that that the Policy was in full force and effect on July 31, 2024, the day of the subject fire loss, and accordingly, provided coverage for the fire loss to the Insured Premises that occurred on July 31, 2024.

17. Thus, there exists a judiciable controversy between the parties as to the rights and obligations of Plaintiff and State Farm. Under *Tenn Code Ann.* §§ 29-14-101 *et seq.*, and specifically §§ -102 and -104, the Court may and should declare the rights of the parties with respect to this controversy.

18. Plaintiff reserves the right to amend this Complaint in accordance with the Tennessee Rules of Civil Procedure to aver material facts that are presently unknown but may learned during the course of this case.

Wherefore, Plaintiff prays:

1. That the Court declare the rights and obligations of the parties in this matter;

2. That the Court declare that the Policy was in full force and effect on July 31, 2024, the day of the subject fire loss, and accordingly, provided coverage for the fire loss to the Insured Premises that occurred on July 31, 2024.

3. That the Court declare that Defendant be ordered to process Plaintiff's claim for the loss of the Insured Premises that occurred on July 31, 2024 pursuant to the terms of the Policy.

4. For such other, further and general relief which the Court declares to be just and proper.

6

HULL, RAY, RIEDER, LANE & JORDAN, P.C.

By: _____
WILLIAM C. RIEDER - BPR No. 5709
214 N.E. Atlantic Street
P. O. Box 878
Tullahoma, TN 37388
(931) 455-5478
bill.rieder@hrrell.com
Attorneys for Plaintiff

We are sureties for the costs of this cause not to exceed $1,000.00.

HULL, RAY, RIEDER & LANE, P.C.

By: _____
WILLIAM C. RIEDER - BPR No. 5709

I, the undersigned Chancery Court clerk do
hereby certify that this is a true and correct copy
of the original instrument filed in this office.
This __30th__ day of __July, 2025__

CHANCERY COURT CLERK

_____ D.C.

7

Case 4:25-cv-00058-CEA-MJD    Document 1-1    Filed 09/30/25    Page 29 of 43
PageID #: 34

LAW OFFICES

# HULL, RAY, RIEDER, LANE & JORDAN, P.C.

### (A PROFESSIONAL CORPORATION)

THOMAS M. HULL (1930 - 2010)
DONALD J. RAY
WILLIAM C. RIEDER
JAMES D. LANE, II.
DEREK A. JORDAN

214 N.E. ATLANTIC STREET
P. O. BOX 878
TULLAHOMA, TN 37388
TEL (931) 455-5478
FAX (931) 455-8148
Email: bill.rieder@hrreli.com

January 16, 2025

Mr. Ray Arnold
State Farm Insurance Agency
2600 Lebanon Pike, #A
Nashville, TN 37214-2403

> Re: Insured: David Cathey
> Policy No. 42-C9-J785-7

Dear Mr. Arnold:

I have been retained by Mrs. Sherry Yvette Cathey, the Attorney-in-Fact for State Farm's insured, to pursue any rights Mr. Cathey may have resulting from Mr. Cathey's failure to receive notice that the above-referenced policy had been cancelled due to lapsing because of nonpayment of premium.

I have enclosed a copy of the Durable Power of Attorney ("POA") executed by Mr. Cathey appointing Mrs. Cathey as his Attorney-in-Fact. As you will note, the POA grants to Mrs. Cathey:

> **"the power to exercise or perform any act, power, duty, right...whatsoever that I [Mr. Cathey] may now have or may hereafter acquire the legal right or power or capacity to exercise or perform relating to any person, item, transaction, thing, business...or matter whatsoever."**

The POA gives Mrs. Cathey the specific power to pursue claims that may be due under a policy of insurance and to employ counsel.

As the attorney retained to pursue the claim for coverage under the policy for the destruction of the insured premises by fire due to his failure to receive the cancellation notice required by Tenn. Code Ann. §56-7-1303; I am respectfully requesting that you provide me with copies of the following:

1. A complete copy of Policy No. 42-C9-J785-7;
2. A complete copy of the Declarations pertaining to Policy No. 42-C9-J785-7;
3. Copies of any and all notices of cancellation that your agency or State Farm mailed to Mr. Cathey and
4. Proof of mailing of any notice of cancellation that may have been mailed to Mr. Cathey.



**EXHIBIT**

**1**

Mr. Ray Arnold
January 16, 2025
Page 2 of 2

Thank you for your attention to this request.

Very truly yours,

WILLIAM C. RIEDER

WCR:pc

Enclosures

**DURABLE POWER OF ATTORNEY**
**Executed By**
**DAVID GRANT CATHEY**

**I. Appointment of Attorney**

**A. Initial.**

I, DAVID GRANT CATHEY, ("Principal") of Warren County, Tennessee, hereby appoint SHERRY YVETTE CATHEY, my attorney-in-fact ("my attorney") under the Uniform Durable Power of Attorney Act, T.C.A. §§ 34-6-101 et seq. and T.C.A. §§ 34-6-201 et seq.

**B. Durability.** This Power of Attorney shall not be affected by my subsequent disability or incapacity. I intend for the authority conferred on my attorney herein to be exercisable by my attorney notwithstanding any such disability or incapacity.

**C. Purpose of this Power of Attorney.** I intend for this to be a general Power of Attorney. I shall specify certain acts that my attorney-in-fact is authorized to do on my behalf, but this is not intended to limit the generality of this power. I intend that my attorney-in-fact shall have the power to exercise or perform any act, power, duty, right, or obligation whatsoever that I now have, or may hereafter acquire the legal right, power, or capacity to exercise or perform, in connection with, arising from, or relating to any person, item, transaction, thing, business, property (real personal, tangible, or intangible), or matter whatsoever.

**II. Powers.**

I authorize my attorney-in-fact, for me and on my behalf, to do each of the following things the same as if I did them myself and any third party shall rely upon the authority of my attorney to act:

**A. Monies.** To receive from or disburse to any source whatever monies through checking, saving, or other accounts of any financial institution; to sign and issue checks, withdrawal receipts, or any other instrument; and to open or close any accounts. This provision covers accounts solely in my name and joint with others.

**B. Brokerage Accounts.** With respect to my brokerage accounts, to effect purchases and sales (including short sales), to subscribe for and to trade in stocks, bonds, options, rights, warrants, or other securities, domestic and foreign, whether dollar or nondollar denominated, or limited partnership interests or investments and trust units, whether or not in negotiable form, issued or unissued, foreign exchange, commodities, and contracts relating to the same (including commodity futures) on margin or otherwise for my account and risk; to deliver to my broker securities for my account and to instruct my broker to deliver securities from my accounts to my attorney or to others, and in such name, and form, including his or her own, as he or she may direct; to instruct my broker to make payment of monies from my account with my broker, and to receive and direct payments therefrom payable to him or her or others; to sell, assign, endorse and transfer any stocks, bonds, options, rights, and warrants or other

securities of any nature, at any time standing in my name and to execute any documents necessary to effectuate the foregoing; to receive statements of transactions for my account(s); to approve and confirm with reference to my account(s); and to make any and all agreements with my broker in reference thereto for me and in my behalf.

Further, my attorney may vote in person, or by general or limited proxy, with or without power of substitution, with respect to any stock or other securities I may own.

I authorize my attorney to execute on my behalf any powers of attorney in whatever form that may be required by any stockbroker with whom I have deposited any securities.

C. Borrowing. To borrow money from any legal source, on such terms and conditions, with or without security, as the attorney deems advisable and to sign each instrument necessary or advisable to complete any such borrowing transaction and to use any credit card held in the principal's name for any of the purposes described herein.

D. Investments. To invest or reinvest each item of money or other property and to lend money or property upon such terms and conditions and with such surety as the principal's attorney may deem appropriate, or to renew, extend, or modify loans, all in accordance with the fiduciary standards of T.C.A. § 35-3-11 (without being restricted to those authorized or prescribed by present or future law. The principles of diversification need not be observed.)

E. Money from United States or Other Government. To make application on my behalf for benefits administered by the Social Security Administration or any other federal, state, or local agency and to receive Social Security and other benefits on my behalf; and to act as representative payee for any payment to which the principal may be entitled, and to effect redemption of and bond or security and to endorse any draft, warrant, check or other instrument payable therefrom.

F. Sell or Redeem United States Government or Agency Obligations. To effect redemption of any bond or other security wherein the United States of America, or any agency or subdivision thereof, is the obligor or payor, and to give full discharge therefore.

G. Safe Deposit Box. To have free and private access to any safe deposit box in my name or rented by me, in any bank, including the authority to have it drilled, with full right to add property to the box or take property from the box, and to surrender possession of the box and terminate the lease.

H. Tax Matters. To represent me in all tax matters; to prepare, sign, and file federal, state, and local income tax, transfer tax, and other tax returns of all kinds, including joint returns, claims for refunds, requests for extensions of time, petitions to the tax court or other courts regarding tax matters, and any and all other tax-related documents, including, but not limited to, consents and agreements under I.R.C. § 2032A or any successor section thereto and consents to split gifts, closing agreements and Form 2848, Form 8821, and any other power of attorney or form required by the Internal Revenue Service, any state or any local taxing authority with respect to any tax year between the years 1992 and 2020; to

pay taxes due, collect and make such disposition of refunds as my attorney shall deem appropriate, post bonds, receive confidential information and contest deficiencies determined by the Internal Revenue Service, any state, or any local taxing authority; to exercise any elections I may have under federal, state or local tax law; and generally to represent me in all tax matters and proceedings of all kinds and for all periods between the years 1992 and 2020 before all officers of the Internal Revenue Service and state and local tax authorities; to engage, compensate and discharge attorneys, accountants and other tax and financial advisers and consultants to represent and/or assist me in connection with any and all tax matters involving or in any way related to me or any property in which I have or may have any interest or responsibility.

I. Real Property. To buy, sell, lease, alter, maintain, manage, mortgage, or otherwise encumber, pledge, insure, repair, raze, rebuild, and make covenants and warranties as to the property as my attorney believes proper, and sign each instrument necessary or advisable to complete any real property transactions or in any way deal with real property.

J. Personal Property. To buy, sell, lease, encumber, insure, repair, replace, rebuild, and sign each instrument necessary or advisable to complete any personal property transactions or otherwise deal in and with personal property of all kinds whether tangible or intangible, and to make any covenants and warranties as to the personal property as my attorney believes proper.

K. Business. To operate any business which I may own, whether a sole proprietorship, partnership, or corporation; to hire and fire any employees or managers; to change the legal form of any business; to delegate management responsibilities to any person; and to execute an election under Subchapter S or any other provision of the Internal Revenue Code.

L. Dues and Charitable Obligations. To pay dues to any club or organization to which the principal belongs, and to make charitable contributions in fulfillment of any charitable pledge made by the principal.

M. Litigation. To sue, defend, or compromise suits and legal actions and to employ counsel in connection with the same, including the power to seek a declaratory judgment interpreting this Power of Attorney, or a mandatory injunction requiring compliance with the instructions of the principal's attorney-in-fact, or actual and punitive damages against any person failing or refusing to follow the instructions of the principal's attorney-in-fact.

N. Employment. To contract for or employ agents, accountants, advisors, attorneys, and others for services in connection with the performance of the principal's attorney of any powers here and to reasonably compensate them for services rendered.

O. Insurance Acquisition, Maintenance, and Claims.

(1) Casualty. To acquire, maintain, or cancel casualty insurance on each property of mine and to prosecute each claim for benefits due under a policy.

(2)     Medical. To acquire or maintain medical coverage for me and my dependents; to sign each form or document necessary for such insurance; and to sign and submit each claim for reimbursement of medical expenses with any medical insurance carrier or other provider of benefits.

(3)     Disability. To acquire or maintain disability insurance for me; to sign each form or document necessary for such insurance; and to sign, submit, and prosecute each claim for benefits due under a policy.

(4)     Life Insurance. To deal with life insurance policies and other products issued by life insurance companies, including, but not limited to National Life Insurance, and annuity contracts; to acquire, maintain, or cancel life insurance on my life, and to sign each form or document necessary for such insurance; and to borrow against the policy.

(5)     Life Insurance on the Attorney. My attorney has no authority to exercise any power which would constitute an incident of ownership with respect to any policy of insurance I own on the attorney's life.

P.  Compensation of Attorney. My attorney is entitled to reimbursement for each expense incurred in acting as my attorney, including but not limited to the costs of retaining counsel to advise him or her in the conduct of his or her duties, and an accountant to assist in maintaining records.

Q.  Support. To provide for the support and protection of the principal, of the principal's spouse and minor children (and, in the sole discretion of the attorney, an adult disabled child of the principal dependent upon the principal's support) including without limitation, provision for food, lodging, housing, medical services, education, recreation, and travel.

R.  Additional Powers of Attorney. To execute other power of attorney forms on behalf of the principal which may be required by the Internal Revenue Service, financial or brokerage institutions, or others, naming the attorney hereunder as attorney-in-fact on such additional forms.

S.  Funeral Arrangements. To make advance arrangements for the principal's funeral and burial, including the purchase of a burial plot and marker, if the principal has not already done so.

T.  Trusts. To transfer any property owned by the principal to any revocable trust created by the principal with provisions for the principal's care and support.

U.  Benefit and Retirement Plans. To create, contribute to, borrow from, and otherwise deal with an employee benefit plan or individual retirement account for the principal's benefit; to select any payment option under any employee benefit plan or individual retirement account in which the principal is a participant or to change options the principal has selected; to make "roll-overs" of plan benefits into

other retirement plans; to apply for and receive payment and benefits; and to surrender any retirement accounts for cash.

**V.   To Execute Disclaimers.** To execute disclaimers on my behalf under I.R.C. § 2518 or any comparable section of any federal or state statute, notwithstanding that the exercise of such disclaimer may benefit my attorney-in-fact.

**W.   To Receive Mail.** To enter any mail box which I shall have hired, whether a United States Post Office box or elsewhere, and to surrender the box and terminate the lease at the attorney's discretion; to sign for any certified or registered mail directed to me; and to execute any order required to forward mail to any location selected by my attorney-in-fact.

**X.   To Make Contracts and Give Releases.** To make, receive, sign, endorse, execute, acknowledge, deliver, and possess such applications, contracts, agreements, options, covenants, security agreements, bills of sale, leases, mortgages, assignments, fire and casualty insurance policies, bills of lading, warehouse receipts, documents of title, bills, bonds, debentures, checks, drafts, bills of exchange, letters of credit, notes, stock certificates, proxies, warrants, commercial paper, receipts, proofs of loss, evidences of debt, releases, and satisfaction of mortgages, liens, judgments, security agreements, and other debts and obligations and such other instruments in writing of whatever kind and nature as may be necessary and proper in the exercise of the rights and powers herein granted.

**Y.  To Effect My Resignation As a Member, Officer or Fiduciary.** To effect my resignation as a member or officer of any organization or entity, or as a trustee, personal representative, or other fiduciary or an estate or trust, however denominated.

**Z.  To Make Gifts.** OMITTED.

### III Other Acts.

Without limiting the foregoing, generally to take any and all actions on my behalf as fully and effectively as if I were personally present. In conferring this general Power of Attorney, I am fully aware of the broad authority being granted and express my full confidence in my attorney-in-fact.

### IV. Ratification of Acts and Third-Party Reliance

I ratify and confirm all acts my attorney-in-fact does or causes to be done under this Durable Power of Attorney. All third parties acting in good faith reliance on this power shall be absolved of any liability pursuant to the provisions of the Uniform Durable Power of Attorney Act.

### V. Appointment of Legal Representative.

I do not want a legal representative (i.e., a conservator, guardian, or other similar representative appointed by the court) because one should not be necessary. However, if a legal representative is to be appointed, to the extent that the law allows me to do so, I nominate my attorney-in-fact named herein to serve as my legal representative. If the law does not permit me to so nominate, I request in the strongest possible terms that the court give the greatest possible weight to this request. In the event my attorney-in-fact dies, becomes disabled, or is otherwise unable to serve, I nominate my successor attorney-in-fact to serve in this capacity. I excuse any legal representative appointed from bond.

## VI. Effective Date, Duration, or Termination.

This power will become effective on the date this instrument is signed and will remain in full force and effect until it is revoked by written notice duly recorded in the Register's Office of Warren County, Tennessee, or until expiration by operation of law, it being intended that this Power of Attorney will remain in effect even in the event of mental or physical disability on my part.

This Power of Attorney shall not expire or become stale upon the passage of time but is intended to continue in force until revoked by me.

## VII. Revocation.

I revoke all previous Powers of Attorney I have given to any person or persons.

## VIII. Resignation.

My attorney-in-fact may resign at any time and may prove the resignation by filing an Instrument of Resignation in the Register's Office of Warren County, Tennessee.

## IX. Photocopies.

All photocopies of this document shall have the same validity as the original.

In the presence of the witnesses designated below, I hereby execute this Durable Power of Attorney on the ___11___ day of November, 2024.

DAVID GRANT CATHEY

We, the subscribing witnesses hereto, are personally acquainted with and subscribe our names hereto at the request of the declarant, an adult, whom we believe to be of sound mind, fully aware of the action

I do not want a legal representative (i.e., a conservator, guardian, or other similar representative appointed by the court) because one should not be necessary. However, if a legal representative is to be appointed, to the extent that the law allows me to do so, I nominate my attorney-in-fact named herein to serve as my legal representative. If the law does not permit me to so nominate, I request in the strongest possible terms that the court give the greatest possible weight to this request. In the event my attorney-in-fact dies, becomes disabled, or is otherwise unable to serve, I nominate my successor attorney-in-fact to serve in this capacity. I excuse any legal representative appointed from bond.

## VI. Effective Date, Duration, or Termination.

This power will become effective on the date this instrument is signed and will remain in full force and effect until it is revoked by written notice duly recorded in the Register's Office of Warren County, Tennessee, or until expiration by operation of law, it being intended that this Power of Attorney will remain in effect even in the event of mental or physical disability on my part.

This Power of Attorney shall not expire or become stale upon the passage of time but is intended to continue in force until revoked by me.

## VII. Revocation.

I revoke all previous Powers of Attorney I have given to any person or persons.

## VIII. Resignation.

My attorney-in-fact may resign at any time and may prove the resignation by filing an Instrument of Resignation in the Register's Office of Warren County, Tennessee.

## IX. Photocopies.

All photocopies of this document shall have the same validity as the original.

In the presence of the witnesses designated below, I hereby execute this Durable Power of Attorney on the ___11___ day of November, 2024.

**DAVID GRANT CATHEY**

We, the subscribing witnesses hereto, are personally acquainted with and subscribe our names hereto at the request of the declarant, an adult, whom we believe to be of sound mind, fully aware of the action

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**

January 27, 2025

David G Cathey
211 S Mill St
Morrison TN 37357-7644

**State Farm Claims**
PO Box 106169
Atlanta GA 30348-6169

RE:   Claim Number:        42-79S4-18Q
       Date of Incident:    July 31, 2024
       Policy Number:       42C9J7857

Dear David G Cathey:

We have received your reported claim and wish to discuss this matter with you, but we were unable to reach you by telephone. In order to proceed with the handling of this claim, it is necessary to speak with you. Please call us so we can discuss the facts of this claim and schedule an appointment to inspect your property.

It is our understanding that your property has suffered damage. If necessary, please use reasonable measures to protect your property from further damage. Keep a record of related expenses as all or some of them may be covered depending on your particular circumstances.

If you have spoken with us before receiving this letter, you may disregard this request. We thank you for the opportunity to be of service and look forward to speaking with you soon.

If you have questions or need assistance, call us at (844) 458-4300.

Sincerely,

Anesa Barton
Claim Specialist
(770) 206-6080

State Farm Fire and Casualty Company

**EXHIBIT**

**2**

LAW OFFICES

# HULL, RAY, RIEDER, LANE & JORDAN, P.C.
(A PROFESSIONAL CORPORATION)

THOMAS M. HULL (1930 - 2010)
DONALD J. RAY
WILLIAM C. RIEDER
JAMES D. LANE, II.
DEREK A. JORDAN

214 N.E. ATLANTIC STREET
P. O. BOX 878
TULLAHOMA, TN 37388
TEL (931) 455-5478
FAX (931) 455-6148
Email: bill.rieder@hrrell.com

July 14, 2025

Via Email Transmission:stacy.sterling.vaaiis@statefarm.com and U.S. Mail
Mr. Roy Arnold
State Farm Insurance Agency
2600 Lebanon Pike, #A
Nashville, TN 37214-2403

      Re:    Insured:    David Cathey
             Policy No.   42-C9-J785-7

Dear Mr. Arnold:

As I advised in my letter of January 16, 2025I have been retained by Mrs. Sherry Yvette Cathey, the Attorney-in-Fact for State Farm's insured, David Cathey, to pursue any rights Mr. Cathey may have resulting from Mr. Cathey's failure to receive notice that the above-referenced policy had been cancelled due to lapsing because of nonpayment of premium.

In my January 16, 2025 letter I respectfully requested that you provide me with copies of the following:

1. A complete copy of Policy No. 42-C9-J785-7;
2. A complete copy of the Declarations pertaining to Policy No. 42-C9-J785-7;
3. Copies of any and all notices of cancellation that your agency or State Farm mailed to Mr. Cathey and
4. Proof of mailing of any notice of cancellation that may have been mailed to Mr. Cathey.

Notwithstanding my request, I have not received any of the requested documents.

Mr. Cathey did receive a letter from Anesa Barton, State Farm Claim Specialist dated January 27, 2025, in which she confirmed receipt of Mr. Cathey's reported claim and requested that he contact her to discuss the facts of the claim.

I accordance with Ms. Barton's request, Ms. Cathey and I called Ms. Barton to discuss the facts of the claim. During this conversation Ms. Barton advised that there was no coverage under the policy because the policy had been cancelled on March 26, 2024 at the request of the insured. We requested Ms. Barton to provide us with copies of any documentation reflecting Mr. or Mrs. Cathey request to cancel the policy. Ms. Barton advised that State Farm did not have any such documents as such documents would be in the possession of the Agent.



**EXHIBIT**
**3**

Accordingly, I am now respectfully requesting that you provide me with copies of the following:

1.  Any and all documents or communications of any kind whatsoever, including but not limited to email messages, transmitted by the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey;

2.  Records of any kind whatsoever, including but not limited to call records, call logs, call detail record (CDR), or call management record (CMR) documenting any and all telephone conversations with the insured, David G. Cathey, or, his Attorney-in-Fact, Sherry Yvette Cathey, in which either of them requested cancellation of the subject policy; and

If copies of the requested documents are not received on or before July 28, 2025, it will be assumed no such documents exist and I will institute a declaratory judgment action requesting the Court to declare that the policy was in full force and effect on July 31, the date of the fire loss.

Additionally, please provide me with complete copies of Policy No. 42-C9-J785- and the Declarations pertaining to Policy No. 42-C9-J785-7 as requested in my letter of January 16, 2025.

Thank you for your prompt attention to this request.

Very truly yours,

WILLIAM C. RIEDER

WCR:pc

**Myra D. Mara**
Clerk and Master-Chancery Court
Warren County Courthouse
P. O. Box 639
McMinnville, TN 37111
PH (931) 473-2364 - Fax(931) 473-3232

August 14, 2025

Commissioner of Commerce
Insurance Division Service of Process
500 James Robertson Parkway
Volunteer Plaza Bldg
Nashville, TN 37243-1131

Re: *David G. Cathey vs. State Farm Fire and Casualty Company*
   Warren County Chancery Court Docket #17020

   Please find enclosed a Summons and Declaratory Judgment
Complaint to be served on State Farm Fire and Casualty Company and a
service copy to be returned to our office.

Also enclosed is our check in the amount of $20.00 for your service fee.

Thank you for your assistance.

Sincerely,

Cora Keaton
Deputy Clerk

Enclosures (4)

State of Tennessee
Department of Commerce & Insurance
Service of Process 10th Floor
500 James Robertson Pkwy
Nashville, TN 37243-0565



CERTIFIED MAIL

7020 1290 0001 6214 4469

US POSTAGE PITNEY BOWES
ZIP 37243 $ 020.65⁰
02 4W
0000390153 AUG 29 2025

First Class Mail
ComBasPrice

7020 1290 0001 6214 4469   August 2025

Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203